MICHAEL T. RYAN*
ROBERT C.E. LANEY*
ROBERT O. HICKEY*
JAMES J. NOONAN
JOHN F. COSTA
JOHN W. CANNAVINO JR.*
JONATHAN C. ZELLNER*
MICHAEL C. BARBARULA*
PATRICK J. CORCORAN

COUNSEL
PAMELA D. MILLER*
JOHN P. MARINI*

* NOT ADMITTED IN NEW YORK
O ALSO ADMITTED IN MASSACHUSETTS
□ ALSO ADMITTED IN MARYLAND

# RYAN RYAN DELUCA LLP

## ATTORNEYS AT LAW

1000 LAFAYETTE BLVD, SUITE 800

BRIDGEPORT, CT 06604

TELEPHONE: (203) 549-6650

FAX: (203) 549-6655

www.ryandelucalaw.com

New York Address:
100 Dutch Hill Road, #330
Orangeburg, NY 10962
Phone: (888) 656-9334
Fax: (888) 656-9335

RYAN C. ING*
RYAN V. NOBILE*
RYAN J. CESARIO*
DYLAN B. SHAW*
RYAN J. ROBERTS*
JILLIAN I. WARREN*
PETER E. FRIEDRICHS

OF COUNSEL
CHARLES A. DELUCA*
RANDALL M. HAYES*
HON. MICHAEL P. KAMP (RET.) '
CHARLES M. MCCAGHEY
DANIEL E. RYAN III*
KIERAN M. RYAN
ELIZABETH RYAN LANE
KEVIN M. TEPAS*

October 29, 2025

VIA EMAIL:  Amy_Constantine@ctd.uscourts.gov

Honorable Michael P. Shea
United States Courthouse
450 Main Street - Annex 135
Hartford, Connecticut 06103

**Re:    Palmer v. Metro-North, 3:25-CV-00102, Discovery Dispute Re: Onsite Inspection**

Dear Judge Shea:

The parties have a discovery dispute that they have tried to work out but could not reach agreement.  This letter serves as a certification that counsel for both parties have engaged in good faith face-to-face discussion (I was at Plaintiff's counsel's office for an unrelated deposition), telephone calls, and email communication to attempt to work out our opposing views but could not do so.

Plaintiff served a Notice of Inspection on September 26, 2025, for an inspection of certain railroad passenger cars and certain of their components to take place at Metro-North's rail yard in Croton, New York, on October 28, 2025.  To be clear, Metro-North does not object to the inspection and has taken no steps to block the inspection.  Instead, the issue is about who can attend the inspection, Metro-North's right to control access to its property, and Metro-North's ability to limit premises liability.

When Plaintiff's counsel noticed the inspection, Metro-North inquired as to who would be participating for Plaintiff.  Plaintiff's counsel, Scott Perry, reported that it would be himself, either co-counsel (George Cahill) or someone named Jack Manning, and Plaintiff.  Metro-North immediately indicated its objection to Plaintiff attending.  Plaintiff, a Metro-North employee, has asserted a FELA claim alleging that Metro-North's negligence caused him to suffer a back injury on March 11, 2022.  Since then, Plaintiff has undergone *three* back surgeries, the most recent one in August 2025.  He has not been cleared to return to work and is not cleared to be on Metro-North property.  Accordingly, Metro-North indicated that if Plaintiff's counsel insisted on Plaintiff attending the inspection, then Plaintiff will need to sign a release/waiver.

2 | P a g e

Counsel for Metro-North has made it clear that Plaintiff's counsel did not need to sign a release/waiver and is free to conduct the inspection.

Counsel for Metro-North next asked Plaintiff's counsel who Mr. Manning was, and the response was essentially that he was a body-double for Plaintiff. When Metro-North counsel inquired further about his participation, the responses were:

- This individual will go under the car-body to perform various measurements of the truck and car body and photograph the truck/car body.
- "By under the car body, I mean measurements and photos when the rail car is on the track at ground level and the person will be in the gauge of the track [in between the rails] under the car body so measurements can be taken of distances to the lateral bumpers, and from the car body to the top of the truck."
- We also intend to do the measurements and photos with the car on elevated track from the ground **or a ladder** depending on how high it is off the ground to reach the lateral bumpers.

While Plaintiff's counsel says that the designated representative for the inspection will not place his body in the same position as Plaintiff (laying his body out between the car body and truck [a train component] and reaching his hands to the lateral bumper), it would seem that is exactly what he will need to do to take the described measurements. MNR does not want a reenactment of the alleged incident, particularly where the Plaintiff asserts that is how he was injured. Nor should it bear the risk of liability of someone climbing on a ladder.

The actual language in the notice of inspection states:

> Plaintiff ... give notice of their intention to inspect, photograph, measure, and videotape Metro North's passenger car[s] . . . AND to inspect, photograph, measure, and videotape a detached lateral bumper, lateral stopper, bolts, washers, shims, and nuts used for securing the lateral bumper to a passenger rail car . . . .

Metro-North believes that the actions Plaintiff's counsel contemplates having the body-double undertake go beyond the described inspection and more closely resemble a reenactment, which, naturally, Metro-North is hesitant to allow given Plaintiff's allegations in this lawsuit. But again, Metro-North is not blocking the inspection, but rather, is simply saying that certain participants must sign a release/waiver. Metro-North also notes that it provided a copy of the proposed release/waiver to Plaintiff's counsel and no suggested revisions were proposed.

Metro-North is mindful of the Court's desire not to receive written argument regarding the discovery issue in dispute, and, thus, will only note that court decisions are split on whether an individual is required to sign a release/waiver for an inspection and are typically fact driven.

Thank you for your consideration of this issue.

Patrick J. Corcoran, Esq.
pjcorcoran@ryandelucalaw.com                    cc: Scott Perry, Esq. – Scott@trainlaw.com