UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Tyrone Palmer,<br><br>            Plaintiff,<br><br>v.<br><br>Metro-North Railroad Company,<br><br>            Defendant. | Civil No. 3:25-CV-00102 (MPS)<br><br><br>December 10, 2025 |

### RULING ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff moves to compel Defendant Metro-North Commuter Railroad Company ("MNR") to permit Plaintiff, his counsel and a non-expert designated by Plaintiff to conduct an onsite inspection at Defendant's Croton, New York Shop and/or Yard.[1]

*Notice of Inspection*

Pursuant to Fed. R. Civ. P. Rule 34(a)(2), the Plaintiff and his attorneys in the above-entitled matter hereby give notice of their intention to inspect, photograph, measure, and videotape Metro North's passenger car 6238 or 6146 or another passenger car of the same year, make, and model in the Croton, New York Shope and/or Yard on tracks over the pit and on railroad tracks not over the pit, **AND** to inspect, photograph, measure, and videotape a detached lateral bumper, lateral stopper, bolts, washers, shims, and nuts used for securing the lateral bumper to a passenger rail car of the same year, make, and model at **11:30 a.m. on October 28, 2025** or on another date and time agreeable to the parties.

---

[1] This discovery dispute was referred to me on October 31, 2025. ECF No. 40. Defendant filed a response pursuant to the Court's request for additional briefing on November 10, 2025. ECF No. 43. Plaintiff did not file a reply brief within the period permitted by D. Conn. L. Civ. R. 7(d) (allowing fourteen days to file response).

1

ECF No. 40-2 (emphasis in original). Plaintiff states that the "representative will be a non-expert fact witness, most likely a retired Metro North Train engineer named Jack Manning, or a non-expert named Chet Jackson." ECF No. 38 (App'x A). The Notice of Inspection states it is Plaintiff's "intention to inspect, photograph, measure and videotape" not reenact the work that led to the alleged injuries.

Defendant does not object to the inspection at its rail yard. Rather, it requests that Plaintiff, who is recovering from his alleged injuries and has not been cleared to return to work or enter upon MNR property, be required to sign a release/waiver. *Id.* Defendant further requests that the designated non-expert, referred to by MNR as a "body double", also be required to sign the release/waiver before entering railroad property. ECF No. 43.[2]

For the reasons that follow, Plaintiff's Motion to Compel is granted over objection.

**Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Information is "relevant" if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see In re PE Corp. Secs. Litig.*, 221 F.R.D. 20, 23 (D.

---

[2] MNR will not require Plaintiff's counsel to sign a release/waiver. ECF No. 43.

Conn. 2003). The burden of demonstrating relevance is on the party seeking discovery. *Ayuso v. Butkiewieus*, No. 3:17CV00776 (AWT), 2019 WL 1110794, at *2 (D. Conn. Mar. 11, 2019). "Because the Federal Rules . . . are to be construed liberally in favor of discovery, . . . the party resisting discovery bears the burden of showing why discovery should be denied." *In re Aggrenox Antitrust Litig.,* No. 3:14-CV-572 (SRU), 2017 WL 5885664, at *1 (D. Conn. Nov. 29, 2017).

Federal Rule of Civil Procedure 34(a)(2) provides that:

> A party may serve on any other party a request within the scope of Rule 26(b) . . .to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Fed. R. Civ. P. 34(a)(2).

*Discussion*

The Court is persuaded that the Federal Rules of Civil Procedure do not require that a release/waiver agreement be signed before a Rule 34 inspection is undertaken. Fed. R. Civ. P. 34(a)(2). While Rule 34(b)(1)(B) states that "a request for inspection shall specify a reasonable time, place and manner for making the inspection and performing the related acts," the release proposed by Defendant does not fall within the parameters of the rule. Put another way, the proposed release/waiver requested by Defendant does not relate to a reasonable time or place or manner for making the inspection. Rather, the release/waiver requires Plaintiff and his representatives at the inspection to waive certain rights as opposed to governing the procedure or manner of the inspection.

In *Hindle v. Nat'l Bulk Carriers, Inc.*, 18 F.R.D. 198 (S.D.N.Y. 1955), a plaintiff sought permission to board a ship in order to photograph and measure the location of an alleged accident. The ship's owner consented to the plaintiff's request, but under the condition that each person

3

boarding the vessel sign a general waiver of liability. In refusing to require the plaintiff to execute a liability waiver, the *Hindle* court reasoned:

> Defendant argues further that since persons coming aboard its vessel pursuant to an order permitting boarding in aid of discovery would be doing so "on their own business and not that of the vessel", [sic] the owner of the vessel is entitled to protection by way of a waiver of liability. I cannot agree. It is unnecessary to determine now the exact extent of the duty, if any, owed by the ship to persons who come aboard for the purpose of obtaining evidence pursuant to court authority. The extent of that duty, whatever it is, is fixed by law. The ship, by permitting access, is not doing a favor and is in no position to stipulate that, in the event of accident, it shall receive treatment more favorable than that to which it would be entitled by law.

*Id.* at 199.

Plaintiff cites to numerous cases since *Hindle* where various state and federal courts have ruled that a release of liability is not required for a site inspection on railroad property. These opinions recognize that that neither Rule 26(b), 34(a)(2) or 34(b)(1)(B) allow Defendant to make the requested inspection contingent upon the execution of a waiver of liability agreement and/or require Plaintiff or his representatives contractually waive their rights in order to do what the Federal Rules already permit them to do. ECF No. 38 at 2.

Defendant challenges Plaintiff's case authority with orders issued from various state and federal courts requiring the execution of a release/waiver prior to inspection. "But at the very least, the authority is split on the issue requiring a signed liability waiver prior to inspection." *Taylor v. BNSF Railway Company,* No. DV 10-1834 (Mont. 13th Jud. Dist. Ct. May 14, 2014); *Polaris Eng'g, Inc. v. Texas Int'l Terminals, Ltd.,* No. CV 3:21-00094, 2022 WL 4093122, at *1 (S.D. Tex. Sept. 7, 2022) (citing numerous cases "holding that waiver agreements to enter and inspect property are inappropriate."). "[P]laintiff is not required to have his right to inspect the site be contingent upon signing a release which forces the plaintiff or his representatives voluntarily to assume the risk of

4

injury resulting from any negligence of the defendant during the inspection of the property." *Lewis v. Consolidated Rail Corp.,* No. 4:CV-96-2117 (M. D. Pa. Aug. 29, 1997).

### *CONCLUSION*

For the reasons stated, Plaintiff's Motion to Compel Inspection is granted over objection.

This is not a recommended ruling. This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery." D. Conn. L. Civ. R. 72(C)(2). As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

*/s/ Maria E. Garcia, U.S.M.J.*
Hon. Maria E. Garcia
United States Magistrate Judge
